Connolly, J.
DISCUSSION
This civil case springs out of the trial and appeal, and subsequent release of Donnell Johnson (“Mr. Johnson”). This case arose out of the murder of nine-year-old Jermaine Goffigar on October 31, 1994. The case was tried before Judge Banks and a jury. Mr. Johnson was convicted of first degree murder by deliberate premeditation and by extreme atrocity or cruelty. Stephen Hrones (“Mr. Hrones”), the plaintiff here, was the defendant’s trial and appellate attorney and Assistant District Attorney Robert Tochka (“ADA Tochka”) was the prosecuting attorney. During the criminal trial it was discovered that the defendant had in fact given a statement to the Boston Police and after significant effort, it was finally located on “disks,” and supplied to Mr. Johnson’s counsel during the trial.
Mr. Hrones argued Mr. Johnson’s appeal in the Supreme Judicial Court and stated, in part, to the Court that Mr. Johnson “was basically convicted on the perjured testimony of a Boston Police Officer.’’[1] Evidently and allegedly, Detective Daniel Keeler stated to John Ellement, a reporter for the Boston Globe, concerning Mr. Hrones’ argument to the Supreme Judicial Court that, “He’s misrepresenting the truth . . . and he knows it.”
Mr. Johnson’s conviction was affirmed by the Supreme Judicial Court at Commonwealth v. Kent K., A Juvenile, 427 Mass. 754 (1998). In the interim, based *428 on subsequently obtained information, it was determined by the District Attorney’s Office and Mr. Hrones that the defendant was not involved in the murder of Jermaine Goffigar. The conviction of Mr. Johnson was vacated and Mr. Johnson was released.
Further, in the interim, a Michael Brown and a juvenile have since been arrested and indicted for their involvement in the murder of the nine-year-old victim. The events of October 31, 1994 are still under investigation and Mr. Brown’s and the juvenile’s case will be tried by the Suffolk District Attorney’s Office.
This is a civil action for defamation brought by the attorney for the defendant, Mr. Johnson, Mr. Hrones against Boston Police Detective Daniel Keeler for his alleged statement to John Ellement of the Boston Globe on May 6, 1998, as reported above. The plaintiff now wishes to take the oral deposition of ADA Tochka in this civil case. ADA Tochka handled Mr. Johnson’s case through trial. This case is still a live first-degree murder case, which will come to trial against Michael Brown and a juvenile. The subject report was discussed extensively in Kent K., A Juvenile, supra at 757-59, where the court found that the defendant suffered no prejudice due to the discovery error (i.e. the late production of the statement). See Kent K, A Juvenile, supra at 758-59 nn.2-5.
The key issue in deciding this Motion is as follows: the case is a live first-degree murder case, and the case will be tried. While ADA Tochka may not retry it, he was and is a key member of the District Attorney’s staff. If the plaintiff is permitted to take ADA Tochka’s oral deposition as a prosecutor, while the underlying case is still pending and awaiting trial, there is no doubt that such an action would impact the prosecution’s preparation for trial. It should be noted that the plaintiff is not seeking any documents from ADA Tochka or from the Suffolk District Attorney’s file. As such, G.L.c. 66, §10, the public records statute, is not involved.
Accordingly, the question comes down to whether the rule set down in Attorney General v. Tufts, 239 Mass. 458, 490-91 (1921), and in Worthington v. Scribner, 109 Mass. 487, 488 (1872), and as reaffirmed in District Attorney for Norfolk County v. Thomas J. Flatley, 419 Mass. 507, 509-11 (1995), is applicable to this matter. In Attorney General v. Tufts, supra at 490-91 (1921), the Court stated:
[I]t is a principle of law founded upon sound public policy and arising out of the creation and establishment of constitutional government that communications made to a district attorney in order to secure the enforcement of law are privileged and confidential in the sense that they cannot be revealed at the instance of private parties in aid of actions at law.
In Worthington v. Scribner, 109 Mass. 487, 488 (1872), the Court explained the reason for this rule as follows:
It is the duty of every citizen to communicate to his government any information which he has of the commission of an offense against its laws. To encourage him in performing this duty without fear of consequences, the law holds such information among the secrets of state, and leaves the question how far and under what circumstance the names of informed and the channel of communications shall be suffered to be known, to the absolute discretion of the government!. 1
This issue came up in District Attorney for Norfolk County v. Thomas J. Flatley, 419 Mass. 507 (1995). There a civil personal injury claim was brought against the defendant, Thomas J. Flatley, by the plaintiff who was the victim of an aggravated rape, which occurred in her apartment. The individual who perpetrated those crimes was prosecuted, convicted, and sentenced to prison. The Appeals Court affirmed judgments. See Commonwealth v. Stande, 24 Mass.App.Ct. 1115 (1988). The plaintiffs claim was negligent security by Flatley on the premises owned and operated by him. Flatley’s attorney subpoenaed for a deposition of the assistant district attorney who prosecuted the case, and required him to produce the contents of his files, which related to the investigation, prosecution, or trial of the case.
In discussing Attorney General v. Tufts, supra, and Worthington, supra, the Court in District Attorney for Norfolk County, supra at 510, stated as follows: “These two cases not only establish a broad privilege encompassing all communications made to a prosecutor for the purpose of securing law enforcement, but also make the privilege absolute. No subsequent Massachusetts decision modifies or abrogates either Tufts or Worthington."
The Court went on to discuss the public records statute and records. That issue does not pertain here. It should be noted in footnote 9 on page 513 in District Attorney for Norfolk County, supra, that the Court states: “Nothing in this opinion should be understood as preventing inquiry of the prosecutor either by deposition or at trial concerning statements made by the victim in the course of the district attorney’s investigation and prosecution of the crime.”
Such a rule, as stated in footnote 9 on page 513, would not be applicable to this case. This is a live first-degree murder case, which will be coming on for trial. To allow prosecutors or members of the prosecution’s team to be deposed in a civil case before the criminal case is tried and finally resolved would be a gross infringement of a prosecutor’s work product for trial. As indicated, the privilege is absolute at the very least when the underlying criminal case has not been tried or otherwise resolved. To allow otherwise, would be to create very serious problems in the trial of criminal cases by the District Attorneys. It should also be noted that footnote 9 on page 513 in District Attorney for County is referring to a criminal case that *429 has been tried and affirmed, on appeal. The present case is still awaiting trial.
Finally, it should be noted that the plaintiff has not exhausted his ability to get the substantial equivalent of the information being sought from other sources. The Court notes that there is the complete transcript of the underlying trial, the deposition of the defendant, Daniel Keller, taken by plaintiff on April 26, 2001, the depositions of any other witnesses, and the transcript of the hearing in Judge Banks’ chambers in which ADA Tochka explains in detail the procedures that he followed in attempting to locate any statement, the eventual finding of said statement, and its production to defendant’s counsel.
ORDER
After review of all submissions, including Impounded Exhibits #4, #6, and #7, District Attorney’s Office’s Motion for a Protective Order is ALLOWED.

 Namely, that Mahoney perjured himself when he testified there was no report.